L. A. PEEK, *Plaintiff in Error*, v. F. H. MATTHEWS, CHIEF OF POLICE OF THE CITY OF WEST PALM BEACH, FLORIDA, *Defendant in Error*.

## Opinion Filed January 19, 1923.

The Charter of the City of West Palm Beach provides that "the elective officers under this Charter shall be members of the commission and the members of the borough councils," and "that the commission shall have authority to provide for the election of a Municipal Judge" who is given stated powers to preside over "the Municipal Court of the City of West Palm Beach," and that "such Municipal Judge shall be appointed by the commission for a term of one year." *Held*, that when the city commission has duly provided for the election of and has duly elected a municipal judge, the municipal court of the city has a legal existence.

A Writ of Error to the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Affirmed.

*H. L. Bussey*, for Plaintiff in Error;

*Blackwell, Donnell & McCracken*, for Defendant in Error.

WHITFIELD, J.—In habeas corpus proceedings before the Circuit Judge it was contended that a person held in custody under a conviction in the municipal court of the city of West Palm Beach for maintaining a nuisance in said city was illegally deprived of his liberty upon the theory that the municipal court has no legal existence in that the charter of the municipality requires the judge of the municipal court to be elected by the qualified electors of the city,

whereas by virtue of an ordinance the judge of the municipal court was chosen by the city commissioners. The Circuit Judge remanded the petitioner and a writ of error was allowed and taken.

The Charter Act of the City of West Palm Beach, Chapter 9112 Acts of 1921 (Special Laws) provides for a city commission, and contains the following:

"Sec. 29. The elective officers under this charter shall be the members of the commission and the members of the borough councils."

"Sec. 42. That the Commission shall have authority to provide for the election of a Municipal Judge, who shall have all the powers and perform all the duties of the Mayor with respect to the Mayor's Court. Such Municipal Judge may have such qualifications as the Commission may prescribe by ordinance, but such Municipal Judge need not be an attorney at law; and in case a Municipal Judge shall be elected and shall qualify, the Mayor shall cease to act as Judge of the Mayor's Court, and all the powers and duties of the Mayor, with respect to the Mayor's Court, shall devolve upon and be vested in such Municipal Judge, and all the provisions of this Act applying to such Mayor's Court shall become applicable to said Municipal Court and the Judge thereof; such court when created shall be known as the Municipal Court of the City of West Palm Beach. And in case the Muncipal Judge shall for any reason be disqualified to act in any matter pertaining to his office as judge or shall be unable to act by reason of absence or disability, the Mayor shall appoint a judge *ad litem,* having the qualifications of the Municipal Judge to act in his stead. Such Municipal Judge shall be appointed by the Commission for a term of one year, and the Municipal Judge shall not be removed from office except for

malfeasance, non-feasance or misfeasance. in office, or for disorderly conduct or other conduct unbecoming an officer, either connected or not connected with his duties as an officer not amounting to malfeasance or misfeasance, and the Municipal Judge shall not be removed except by a majority vote of the Commission after charges shall have been preferred and served upon such Municipal Judge and a trial had before the Commission in the manner provided in Section 47 hereof. Such Municipal Court and the office of Municipal Judge may be abolished by the Commission by ordinance, but the abolishment of such office shall not be effective until after the term of the incumbent of such office shall have expired.

"Sec. 43. That the elections or appointments of the officers by the Commission shall be by ballot."

It is obvious from these sections of the City Charter (not modified or limited by any other provisions of the Act) that the City Commission was authorized to provide for the election of a Municipal Judge by the City Commission and as it appears that such provision was made by ordinance and that a judge was elected by the commission pursuant to the ordinance, the claim that the municipal court has no legal existence, is not sustained.

Affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.